**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JAMARO JAMARIUS KEMMERLING, #162279,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **Case No. 26-cv-00731-JPG** |
| **JEFFERSON COUNTY SHERIFF'S DEPARTMENT, DAVE JONES, BONNIE MAY, JEFF BULLARD, Sr., NURSE MIKA, and NURSE JASON,** | ) | |
| **Defendants.** | ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Jamaro Kemmerling, an inmate at Jefferson County Justice Center (Jail), brings this action pursuant to 42 U.S.C. § 1983 for a claim arising from the defendants' allegedly erroneous withdrawals from his trust fund account. The Complaint (Doc. 1) is subject to review under 28 U.S.C. § 1915A, which requires the Court to screen and filter out portions of prisoner complaints that are legally frivolous or malicious, fail to state a claim for relief, or request money damages from an immune defendant. *Id*. At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

The Complaint sets forth the following allegations (Doc. 1, pp. 5-6): Plaintiff describes erroneous withdrawals from his inmate trust fund account at Jefferson County Justice Center (Jail), primarily occurring between July 29, 2025 and May 13, 2026. *Id*. at 5. During this time, Jefferson

County Sheriff's Department or Jail used a system for automatically deducting funds from inmate accounts to cover the cost of booking fees, health care appointments, etc. Funds were withdrawn from his account on several occasions when they were not due. *Id*.

Plaintiff cites three examples. First, he was charged twice for a single booking fee between August 4-6, 2025. Second, he was charged for several medical appointments scheduled by Nurse Mika and Nurse Jason when no fees were due. Third, funds were withdrawn from his account following his previous release from the Jail on or around December 13, 2022, March 16, 2023, and May 28-30, 2024. *Id*.

Plaintiff blames these errors on Dave Jones, who oversees inmate accounts at the Jail. According to Plaintiff, Jones conspired with Nurse Mika and Nurse Jason to improperly charge inmates for services. Then, Jones embezzled the funds. *Id*.

Plaintiff filed a grievance to complain about the issue on September 10, 2025. He specifically asked Lieutenant Lockwood whether he would receive a refund of overpayments from the Jail, if he did not request one. The lieutenant said he would receive nothing until he asked. Plaintiff does not indicate whether he requested or received refunds for each of the above-referenced withdrawals. *Id*. at 6.

**<u>Preliminary Dismissals</u>**

Plaintiff identifies Bonnie May and Jeff Bullard, Sr., as defendants in his Complaint, but he does not mention them in the statement of his claim. Merely invoking the name of these potential defendants is not enough to state a claim. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). When a plaintiff fails to include defendants in his statement of claim or make any allegations against them, they cannot be said to have notice of which claims, if any, are directed

against them. FED. R. CIV. P. 8(a)(2). Accordingly, Bonnie May and Jeff Bullard, Sr., shall be dismissed without prejudice.

Plaintiff also names Jefferson County Sheriff's Department as a defendant. The sheriff's department is not considered a "person" subject to liability under 42 U.S.C. § 1983. Plaintiff's designation of this defendant may represent an attempt to hold the municipality liable for his injuries. *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690, 694 (1978). Municipal liability under § 1983 arises from the execution of a government policy or custom that causes a constitutional injury. Plaintiff points to no such policy or custom. He faults individual jail officials for his erroneous withdrawals. Jefferson County Sheriff's Department shall also be dismissed without prejudice.

## Discussion

Based on the allegations, the Court designates the following claims in the *pro se* Complaint:

**Count 1:** Fourteenth Amendment claim against Defendant Jones for the erroneous deductions from Plaintiff's trust fund account.

**Count 2:** Fourteenth Amendment claim against Defendants Jones, Mika, and Jason for conspiring to deduct the cost of medical services from Plaintiff's inmate trust fund account.

**Any claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

Plaintiff brings two claims against Defendants for the allegedly unlawful deprivation of his personal property. The Fourteenth Amendment guards against deprivations of life, liberty, or property without due process of law. U.S. CONST. amend XIV. Procedural "due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

of life, liberty, [or] property." *Zinermon v. Burch*, 494 U.S. 113, 125-26 (1990) (quoting *Carey v. Piphus*, 435 U.S. 247, 259 (1978)). A procedural due process claim "is not complete" when a plaintiff is deprived of life, liberty, or property. *Id*. at 126. The Court must also "ask what process the state provided and whether it was constitutionally adequate." *Id*. A due process claim arises if the State fails to provide due process. *Id*.

No due process claim arises where a state provides an adequate post-deprivation remedy for a random and unauthorized deprivation of property by a state employee. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Belcher v. Norton*, 497 F.3d 742, 750 (7th Cir. 2007) (citing *Parratt v. Taylor*, 451 U.S. 527, 541 (1981)). Here, Plaintiff had an adequate post-deprivation remedy for the random and unauthorized acts of Defendants Jones, Mika, and Jason. *See Easter House v. Felder*, 910 F.2d 1387, 1399 (7th Cir. 1990) (extending *Parratt* to conspiracy claim). He could pursue relief in an action for damages in the Illinois Court of Claims. *See Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999) (citing 705 ILCS 505/8). Plaintiff's Fourteenth Amendment due process claim thus fails because the State offered an adequate post-deprivation remedy for the unauthorized confiscation of his property. *Id*. at 513; *Hall v. Pautler*, No. 10-cv-00766-GPM, 2011 WL 663553, at *1 (S.D. Ill. decided Feb. 12, 2011) (no claim articulated under Fifth or Fourteenth Amendment for prison trust fund officer's "embezzlement" from plaintiff's trust fund account where post-deprivation relief was available). Counts 1 and 2 shall be dismissed for failure to state a claim upon which relief can be granted, and this action shall be dismissed without prejudice to Plaintiff pursuing a separate action for damages in the Illinois Court of Claims.

## Disposition

The Complaint (Doc. 1) is **DISMISSED** without prejudice against **ALL DEFENDANTS** because it fails to state a claim for relief. **COUNTS 1** and **2** and **ALL DEFENDANTS** are

**DISMISSED** without prejudice from the action. **Plaintiff is free to bring a separate action for damages in the Illinois Court of Claims, if he chooses.**

Plaintiff is **ADVISED** that this dismissal counts as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Plaintiff is also **ADVISED** that his obligation to pay the filing fee for this action was incurred when he filed the action; the filing fee of $350.00 remains due and payable. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty (30) days of the entry of judgment. FED. R. CIV. P. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Finally, if the appeal is found to be nonmeritorious, Plaintiff may incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 9/10/2026**

J. Phil Gilbert

**J. PHIL GILBERT**
**United States District Judge**